<u>**Attachment 1**</u>
*USSG § 3B1.3's Use of Special Skill Adjustment*

USSG § 3B1.3's 2-level adjustment applies to Defendant Daniels because his special skill as an experienced commercial fisher and commercial fishing vessel owner and operator significantly facilitated and helped conceal his Lacey Act offense.

1. **USSG § 3B1.3**

USSG § 3B1.3 provides in pertinent part:

> If the defendant . . . used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if a[]. . . skill is included in the base offense level or specific offense characteristic . . . . if this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under §3B1.1 (Aggravating Role).

"'Special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." USSG § 3B1.3, cmt, n.4.

2. **Defendant Daniels is an experienced commercial fisher and vessel owner and operator and, therefore, has a "special skill" for purposes of USSG § 3B1.3.**

The Ninth Circuit uses a two-part test for assessing the applicability of USSG § 3B1.3's special skill adjustment. *United States v. Lee*, 296 F.3d 792, 798 (9th Cir. 2002). That is, the defendant's special skill: (1) must be one that is "not possessed by members of the general public"; and (2) "usually requir[es] substantial education, training, or licensing." *Id.* Courts focus on the defendant's "particular abilities." *Id.* at 795. Here, Defendant Daniels' special skill as an experienced commercial fisherman and vessel owner and operator satisfies both requirements and is analogous to pilots, *see, e.g.*, *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175-76 (9th Cir. 2016), and to 18-wheeler commercial truck drivers. *See, e.g.*, *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996).

Defendant Daniels is an experienced commercial fisherman and vessel owner and captain who has fished in multiple State of Alaska and federal fisheries. (Doc. 19 at 14-15; Bates Nos. Daniels_00000237-38 (F/V Pacific Bounty search warrant, Aff. ¶¶ 34-35 (3:22-mj-00119-KFR)). Making a living as a commercial fisher in Alaska's unforgiving and vast marine environment requires a great deal of knowledge, skill, and experience on the water and in the industry. Additionally, participants in Alaska's federal IFQ commercial fisheries must comply with numerous U.S. regulations and acts, as well as international treaties and agreements. *See* https://www.fisheries.noaa.gov/alaska/rules-and-regulations/regulations-acts-treaties-and-agreements-federal-fisheries-alaska; https://www.dco.uscg.mil/Our-Organization/Deputy-for-

Operations-Policy-and-Capabilities-DCO-D/National-Vessel-Documentation-Center/. This includes numerous technical permitting/licensing requirements specific to IFQ halibut and IFQ sablefish fishing, recordkeeping and reporting requirements, and Observer Program regulations. *See* https://www.fisheries.noaa.gov/alaska/commercial-fishing/permits-and-licenses-issued-alaska; https://www.fisheries.noaa.gov/alaska/resources-fishing/record keeping-and-reporting-federal-fisheries-alaska. The State of Alaska also imposes a number of regulatory requirements of its own on commercial fishers that participate in its fisheries. https://www.adfg.alaska.gov/index.cfm?adfg=fishlicense.started.

While the Ninth Circuit has yet to directly consider whether being a commercial fisher or vessel owner/operator are "special skills" under USSG § 3B1.3, the court of appeals has indicated that USSG § 3B1.3 applies to vessel operation. In *United States v. Cruz-Mendez*, the court affirmed the district court's finding that USSG § 2D1.1(b)(3)(C)'s "pilot/captain" enhancement applied where the defendant drove a small boat with an outboard motor carrying drugs. *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175-76 (9th Cir. 2016). In so holding, the Ninth Circuit recognized that the "commentary [to § 2D1.1(b)(3)(C)] acknowledges that pilots and boat captains may use 'special skills' also subject to the two-level adjustment under § 3B1.3." *Id.* Specifically, that guidance provides:

> Interaction with §3B1.3.—A defendant who used special skills in the commission of the offense may be subject to an adjustment under § 3B1.3 (Abuse of Position of Trust or Use of Special Skill). Certain professionals often occupy essential positions in drug trafficking schemes. These professionals include doctors, pilots, <u>boat captains</u>, financiers, bankers, attorneys, chemists, accountants, and <u>others whose special skill</u>, trade, profession, or position may be used to significantly facilitate the commission of a drug offense . . . .
>
> Note, however, that if an adjustment from subsection (b)(3)(C) applies, do not apply § 3B1.3 (Abuse of Position of Trust or Use of Special Skill).

USSG § 2D1.1 n.23 (emphases added).

Additionally, analogous USSG § 3B1.3 caselaw suggests that Daniels' special skill qualifies for USSG § 3B.13's adjustment. *Compare, e.g., United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996) (USSG § 3B1.3 applied where defendant drove an "18–wheeler without any reported mishap over several years," which the court held was "a skill well beyond that possessed by the general public"), *United States v. English*, 724 F. App'x 565 (9th Cir. 2018) (unpublished) (USSG § 3B1.3 applied where defendant was an IRS employee with knowledge of preparing others' tax returns and familiarity with certain aspects of tax law gained during her IRS employment), *and United States v. Petersen*, 98 F.3d 502 (9th Cir. 1996) (USSG § 3B1.3 applied where defendant was an expert computer hacker), *with, e.g., Lee*. 296 F.3d at 799 (USSG § 3B1.3 did not apply where defendant was a video rental store owner who copied a website; his computer skills insufficiently analogous to those of the defendant in *Petersen*); *see also United*

*States v. Berry*, 717 F.3d 823, 834-35 (10th Cir. 2013) (commercial truck driving is a "special skill" under 3B1.3); *United States v. Ordonez*, 334 F. App'x 619, 624 (5th Cir. 2009) (same); *United States v. Smith*, 332 F.3d 455, 459 (7th Cir. 2003) (same).

Taken together, the plain language of USSG § 3B1.3, as well as USSG § 2D1.1 n.23 and the other authorities mentioned above support the conclusion that Defendant Daniels had a "special skill" for purposes of the USSG § 3B1.3 adjustment.

3. **There is a nexus between Defendant Daniels' "special skill" and his offenses.**

In addition, for USSG § 3B1.3 to apply there must be a nexus between the defendant's "special skill" and their offense. That is, the defendant must have used their special skill in a "manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. Here, Defendant Daniels' special skills of commercial fishing and vessel ownership and operation clearly enabled him to successfully conceal where he harvested fish on the October and November 2020 fishing trips by making the false statements that form the basis of his Lacey Act offense and to harvest those fish in the first place. *See id.* That special skill also arguably aided Defendant Daniels in attempting to ram the sperm whale with the F/V Pacific Bounty at sea, as set forth in Count 2 of the Information. In short, the nexus between Defendant Daniels' special skill and the two offenses at issue in this case is comparable to other cases where the Ninth Circuit has held that USSG § 3B1.3 applied. *See, e.g.*, *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996).

4. **Daniels' special skill is not accounted for elsewhere in the base offense level or special offense characteristic.**

Defendant Daniels' special skill as an experienced commercial fisherman and vessel owner and operator is not "included in the base offense level or any specific offense characteristic." USSG § 3B1.3.

For all the foregoing reasons, USSG § 3B1.3's 2-level enhancement applies to Defendant Daniels and his adjusted and total offense levels should be revised accordingly, along with his guideline range. (Doc. 19 ¶¶ 27, 29, 31-32, 76, 83, 86.)