MICHAEL J. HEYMAN
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
ANDREA W. HATTAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov
Email: Andrea.Hattan@noaa.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DUGAN PAUL DANIELS,<br><br>    Defendant. | No. 1:24-cr-00006-TMB-MMS |

**UNITED STATES' MOTION FOR CLARIFICATION**

The United States of America respectfully moves this Court for clarification regarding the Minute Entry (Doc. 36) and the Judgment (Doc. 38) filed in this case for the reasons stated herein.

On March 10, 2025, this Court sentenced Defendant Dugan Paul Daniels for the Lacey Act and Endangered Species Act crimes at issue in this case, both of which Daniels perpetrated using his commercial fishing vessel. (*See* Doc. 22 at 11-13; Doc. 35 at 5-7; *see*

*also* Doc. 24 at 3-5, 7-11 & Ex. 2; Doc. 32 at 2.) As relevant here, the sentence included six months' imprisonment followed by three years' supervised release, subject to mandatory and discretionary conditions of supervision. (Doc. 38 at 2-5.) On March 12, 2025, a Minute Entry issued regarding the sentencing hearing that concluded: "OFF RECORD: Sentence clarified off record; Conditions of Release remain as previously set." (Doc. 36.) On March 18, 2025, the Judgment issued. (Doc. 38.)

On March 19, 2025, the United States reviewed the Judgment and noticed it included Special Condition of Supervision 6, which requires any commercial fishing vessel that Mr. Daniels owns, manages, operates, or partially owns or manages to have a Vessel Monitoring System that is transmitting at all times when engaging in any fishing activity. (*Id.* at 5.) Notably, Special Condition of Supervision 6 is identical to the vessel monitoring condition suggested in the Final Presentence Investigation Report (Final PSR), filed on October 22, 2024.[1] (Doc. 22 at 30.) Counsel of record for the United States do not believe the Court recited Special Condition of Supervision 6 during the March 10 sentencing, but cannot recall whether the Court incorporated by reference the conditions of supervised release suggested in the Final PSR, over four months before sentencing. (*See* Doc. 22 at 30.) The United States ordered an expedited transcript of the sentencing in this case on March 20, 2025, but does not anticipate receiving it until on or after March 24, 2025. (Doc. 40.)

---

[1] Special Condition of Supervision 6 is also identical to the vessel monitoring condition Daniels agreed to in the parties' plea agreement. (*See* Doc. 3 at 12.)

U.S. v. Daniels
1:24-cr-00006-TMB-MMS

Page 2 of 5
Case 1:24-cr-00006-TMB-MMS    Document 41    Filed 03/21/25    Page 2 of 5

Under *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc), the district court "must orally pronounce all discretionary conditions of supervised release in the presence of the defendant." *Id.* at 644. This due process requirement can be satisfied by the court either: (1) reciting each condition it elects to impose at the sentencing hearing; or (2) where the defendant has been informed of the proposed conditions of supervised release in advance of sentencing (such as in the PSR), incorporating those conditions by reference at the hearing. *Id.* at 651 & 652 n.15; *see also United States v. Avendano-Soto*, 116 F.4th 1063, 1067-68 (9th Cir. 2024) (holding that *Montoya*'s pronouncement requirement was satisfied as to conditions of supervision set forth in a D. Ariz. general order, where the district court incorporated by reference the conditions in the PSR; the defendant said he reviewed and understood the PSR; and the PSR incorporated the conditions in the D. Ariz. general order). "[W]hether a particular method satisfies the incorporation by reference requirement is 'a fact-specific inquiry [that] should be addressed on a case-by-case basis.'" *Avdendano-Soto*, 116 F.4th at 1068 n.5 (quoting *Montoya*, 82 F.4th at 652 n.15).

Generally, the remedy for a *Montoya* error is vacating the conditions at issue with a limited remand to the district court. *See Montoya*, 82 F.4th at 656 ("[W]e exercise our discretion to remand to the district court for the limited purpose of reconsidering the supervised release conditions we have vacated herein." (internal quotation marks and citations omitted)); *see also, e.g.*, *United States v. Miller-Kidd*, No. 23-1957, 2025 WL 303088, at *1 (9th Cir. Jan. 27, 2025) (granting the government's motion to dismiss pursuant to an appellate waiver as to all issues, except a *Montoya* error; vacating applicable

supervised release conditions; and remanding for the limited purpose of giving the defendant the chance to object to the applicable supervised release conditions and permitting the district court to reimpose the conditions); *United States v. Aguirre*, No. 23-353, 2024 WL 3518321, at *1 & n.1 (9th Cir. July 24, 2024) (same).

In light of the foregoing, and in an abundance of caution, the United States respectfully asks the Court to clarify: (1) whether Special Condition of Supervision 6 was the portion of the sentence that was referenced as being clarified off record in the Minute Entry (Doc. 36), *see supra* at 2; and, in any case (2) whether the Court incorporated the proposed conditions of supervision in the Final PSR by reference during the sentencing hearing. Should the Court conclude a *Montoya* issue exists regarding Special Condition of Supervision 6, the United States notes that Federal Rule of Criminal Procedure 35(a) authorizes the Court to correct that error on or before March 24, 2025. *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); *id.* 35(c) ("'sentencing' means the oral announcement of the sentence"); *see also id.* 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule."); *see generally, e.g.*, *United States v. Depape*, No. 22-cr-00426-JSC-1, 2024 WL 2749426, at *1-5 (N.D. Cal. May 28, 2024) (Rule 35(a) empowers district courts to reopen sentencing to cure an issue with the manner in which a sentence imposed – such as an allocution error – where, if left undisturbed, remand would clearly be required).

//

U.S. v. Daniels
1:24-cr-00006-TMB-MMS

Page 4 of 5

Case 1:24-cr-00006-TMB-MMS    Document 41    Filed 03/21/25    Page 4 of 5

For all the foregoing reasons, the United States respectfully requests the Court clarify the Minute Entry (Doc. 36) and the Judgment (Doc. 38) as stated herein.

RESPECTFULLY SUBMITTED March 21, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s/ Andrea W. Hattan
ANDREA W. HATTAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s /Andrea W. Hattan
Office of the U.S. Attorney